U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 2 2 2016

TONY R. MOORE  CLERK
BY _____
              DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FREDDIE LEE TAYLOR, Petitioner | CIVIL ACTION NO. 1:16-CV-165; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| KEITH DEVILLE, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner Freddie Lee Taylor (#100971) on February 3, 2016. (Doc. 1). Petitioner was granted leave to proceed *in forma pauperis* on February 24, 2016. (Doc. 8). Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at Winn Correctional Center in Winnfield, Louisiana. He challenges his 2004 conviction and sentence imposed in the Eighth Judicial District Court, Winn Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Facts and Background

Petitioner has filed two prior habeas petitions in this Court challenging his 2004 conviction and sentence for manslaughter and possession of a firearm by a convicted felon. Petitioner received the maximum sentences on both counts, totaling

35 years at hard labor. (1:08-cv-1913, Doc. 45). Petitioner filed a § 2254 petition on December 3, 2008, which was denied and dismissed with prejudice as to Petitioner's claims of erroneous jury instruction concerning reasonable doubt, erroneous admission of evidence of other crimes, erroneous admission of an allegedly coerced witness statement, and ineffective assistance of counsel. (1:08-cv-1913, Doc. 50, p. 8). The petition was denied and dismissed without prejudice as to Petitioner's claim under Brady v. Maryland, 373 U.S. 83 (1963). (1:08-cv-1913, Doc. 50, p. 8).

Shortly thereafter, Petitioner filed another § 2254 petition raising only the Brady claim. (1:11-cv-1922). The Court denied the petition, finding that the evidence in question had been disclosed prior to trial, and that the evidence was neither exculpatory nor material to the outcome of the trial. (1:11-cv-1922, Doc. 21). On November 29, 2013, the Fifth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (1:11-cv-1922, Doc. 25).

After being denied habeas relief in federal court, Petitioner filed a second application for post-conviction relief in the Eighth Judicial District Court on July 23, 2014. The application was denied as time-barred and on the grounds that all claims raised had been dealt with on appeal or in the original application for post-conviction relief. (Doc. 1, p. 32). Petitioner sought supervisory review in the Second Circuit Court of Appeal, but the writ was denied. (Doc. 1, p. 33). Petitioner sought supervisory review in the Louisiana Supreme Court, which was denied as well. The Supreme Court found that the application was untimely and that the Brady claim was

repetitive. See State ex rel. Taylor v. State, 2015-0262 (La. 11/16/15). The Supreme Court noted:

> Relator has now fully litigated three applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.

Id.

## Law & Analysis

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(b), prohibits repeated, abusive challenges to the same conviction. Section 2244(b) places the following restrictions on "second or successive" applications for habeas corpus relief:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless —

3

> (A) the applicant must show that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

Section 2244(b) does not define what constitutes a "second or successive" petition. The Fifth Circuit has explained that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In Re: Cain, 137 F.3d 234 (5th Cir. 1998). A later petition is "second or successive" when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ. Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." Graham v. Johnson, 168 F.3d 762, 774 n. 7 (5th Cir. 1999) (citing Felker v. Turpin, 518 U.S. 651, 655–58, 662–63 (1996)). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.

Before a second or successive application permitted by § 2244(b) is filed in a district court, the applicant must move in the appropriate court of appeals for an

order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Absent the requisite authorization, a district court is without jurisdiction to consider successive claims. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." Id. If a district court finds that a successive petition has been filed without authorization, the court may dismiss that petition without prejudice for lack of jurisdiction.

Petitioner's first habeas petition raised five claims: erroneous jury instruction concerning reasonable doubt, erroneous admission of evidence of other crimes, erroneous admission of an allegedly coerced witness statement, ineffective assistance of counsel, and a Brady violation. The Court determined that the claims regarding the improper admission of a witness statement and ineffective assistance of trial counsel were unexhausted. The Court dismissed all claims with prejudice except for the Brady claim, which was dismissed without prejudice. (1:08-cv-1913, Doc. 50). Thus, the first § 2254 petition was partially adjudicated on the merits.

The second § 2254 petition filed by Petitioner raising only the Brady claim was adjudicated on the merits and denied and dismissed with prejudice. (1:11-cv-1922, Doc. 21). A certificate of appealability was denied by the Fifth Circuit. (1:11-cv-1922, Doc. 25).

The instant petition attacks the same conviction and sentence and raises claims that were raised, or could have been raised, in the prior § 2254 petitions. Three

of the five claims have been fully adjudicated on the merits and are "second and successive." See In Re: Cain, 137 F.3d 234 (5th Cir. 1998). The two other claims, which were deemed unexhausted in the first habeas petition, are now time-barred.

Petitioner's conviction and sentence became final on or about April 9, 2005, thirty days after the Second Circuit Court of Appeal denied writs. See State v. Freddie L. Taylor, 2004-39443 (La. App. 2 Cir. 3/9/05), 895 So.2d 80. The AEDPA one-year limitations period was tolled while Petitioner's first application for post-conviction relief was pending, until October 3, 2008. The limitations period resumed at that time. Petitioner's second application for post-conviction relief, filed in 2014, was denied as untimely by the Eighth Judicial District Court and the Louisiana Supreme Court. Therefore, it cannot be considered as "properly filed" and did not continue to toll the limitations period pursuant to § 2244(d)(2). See Pace v. DiGuglielmo, 544 U.S. 408, 414-18 (2005) (untimely filed state post-conviction pleading is not "properly filed" so as to toll limitations under the AEDPA). Therefore, the two claims that were not properly exhausted when the first § 2254 petition was filed are now barred by the one-year limitations period of the AEDPA.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that this petition for writ of habeas corpus be **DISMISSED** in part for lack of jurisdiction and **DENIED** and **DISMISSED** in part as untimely. Before filing a second or successive petition, authorization must be obtained from the United States Court of Appeal for the Fifth Circuit.

6

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit judge or district judge issues a certificate of appealability, an appeal may not be taken

to a court of appeal. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 22nd day of March, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge